KARNAS LAW FIRM, P.C.
4810 E. Broadway Blvd
Tucson, Arizona 85364
Phone: 520-571-9700
M. David Karnas, Esq. (SBN 013728)
karnas@karnaslaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| Maria Valdez, | NO. |
| Plaintiff, | |
| vs. | COMPLAINT |
| Penske Truck Leasing Corporation, a Delaware Corporation; Penske Truck Leasing Co., a Limited Partnership; | *(Jury Trial Requested)* |
| Defendants | |

Plaintiff, through counsel undersigned, for his claim alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. At all relevant times, all acts Plaintiff complains of occurred in Luna County, New Mexico.

2. Plaintiff Maria Valdez ("Ms. Valdez"), at all relevant times, was a resident of Pima County, Arizona.

3.    Defendant Penske Truck Leasing Co., is a Delaware corporation ("Defendant Penske")  doing business in Pima County, Arizona, duly licensed to rent and lease trucks in the State of Arizona.  Defendant Penske Truck Leasing Co., Limited Partnership ("Defendants) is a Limited Partnership principally located in Georgia and Pennsylvania, doing business in Pima County, Arizona, providing rental and leasing services. The Penske office is located at 6955 N. Thornydale Road, Tucson, Arizona 85741.

5.    Both of the above Defendants will be collectively referred to as Penske or Defendants.  The acts and omissions of both Penske Defendants are one and the same, as Penske Limited Partnership is a wholly owned subsidiary of Penske Truck Leasing Corporation.

6.    Venue properly lies in this Court and jurisdiction is appropriate pursuant to 28 U.S.C. § 1332.

## II. <u>FACTS</u>

7.    On or about July 21, 2017,  Defendants rented a large truck ("the Truck" – Unit #9266830) to non-party, Carrie Bidwell, ("Ms. Bidwell") from their location at 2106 E. Johnson Avenue, Jonesboro, Arkansas.

8.    The truck rented to Ms. Bidwell came equipped with a trailer hitch and other apparatus necessary to attach a trailer.

9.     At the time Ms. Bidwell rented the truck from Penske, she advised Defendants' employees of her intention to attach a trailer to the Penske truck because she was moving a relative from Arkansas to Tucson, Arizona.   Ms. Bidwell resides in Tucson, Arizona.

10.     Indeed Ms. Bidwell made it a condition of her rental with Penske that the truck contain a trailer hitch.  Ms. Bidwell also requested the largest truck that Penske rented to someone who did not have a commercial driver's license.

11.     Although the truck rented to Ms. Bidwell contained a trailer hitch, Defendants Penske did not rent a trailer to Ms. Bidwell, and did not in any way prevent her from attaching her own trailer to the Penske truck.

12.     Indeed, Defendants Penske facilitated and permitted Ms. Bidwell's use of her trailer with the Penske truck by including a hitch and the necessary electrical apparatus to operate the trailer behind the truck.

13.     Defendants both expressly and impliedly authorized Ms. Bidwell's use of a personal trailer with the Penske truck.

14.     Defendants never once inspected the trailer attached to their truck.  Penske did not offer to provide Ms. Bidwell with a Penske trailer, or a mechanism to stabilize or prevent trailer sway.

15.    On July 23, 2017 while Ms. Bidwell was traveling west bound on Interstate 10 near Deming, New Mexico, she lost control of the Penske truck and attached trailer. This resulted in the trailer swaying and swerving into the lane of travel occupied by Plaintiff, who was also headed westbound on Interstate 10.  The trailer struck Plaintiff's vehicle causing her to exit the roadway resulting in a rollover crash. Plaintiff sustained catastrophic injuries as a result of the trailer striking her vehicle and causing it to exit the roadway, rollover, and crash.

## III.  **DEFENDANTS' NEGLIGENCE**

16.    Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein and further alleges as follows

17.    Defendants were negligent because they rented a truck with a trailer hitch that allowed Ms. Bidwell to connect up a trailer, over which she lost control while driving on the highway, and causing a collision with Plaintiff.

18.    Defendants were negligent because they rented to Ms. Bidwell a truck with the necessary electrical apparatus for her to hook up a trailer.

19.    Defendants were negligent because they knowingly rented to Ms. Bidwell a truck she was using to pull a trailer, and Defendants never inspected the vehicle or trailer for safe highway operation.  The trailer was not compatible with the Penske truck.

4

20.     Defendants were negligent by failing to inspect the load on the trailer, including failing to provide equipment to secure the trailer load, prevent sway and provide transportation stability.

21.     Defendants were negligent by failing to provide safety equipment when renting a truck with a trailer hitch.

22.     Defendants also failed to provide Ms. Bidwell instructions on the operation of their vehicle with a trailer.  The overall length of the truck with the attached trailer was inherently unsafe.

23.     Defendants failed to develop, implement, and enforce a safety policy that would prevent customers from attaching trailers to the back of a large truck.

24.     But for Defendants negligence, all as described above, the wreck and subsequent injuries to Plaintiff would not have occurred.

25.     Defendants' negligent actions and omissions were the direct and proximate cause of all Plaintiff's injuries.

26.     Plaintiff did not contribute to her injuries and was not negligent.

27.     As a result of Defendants' negligence, Plaintiff seeks compensation for, among other things, past and future medical expenses, lost income, pain, suffering, emotional distress, anxiety, fear and permanent disability.

WHEREFORE, as a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff prays for judgment and requests that this Court:

A.     Award to Plaintiff general damages including permanent disability and    impairment, in a just and reasonable sum;

B.     Award to Plaintiff all special damages in a sum to be determined herein;

C.     Order Defendants' to pay Plaintiff's costs;

D.     Order Defendants' to pay prejudgment interest on all liquidated sums awarded;

E.     Grant to Plaintiff such other and further relief as this Court deems just and proper.

DATED this 7th _ day of June, 2019.

                                        KARNAS LAW FIRM, P.C.

                                        */s/ M. David Karnas*
                              By     _____
                                        M. David Karnas, Esq.
                                        *Attorney for Plaintiff*

ORIGINAL of the foregoing
e-filed this 7th day of June, 2019, with:

Clerk of the Court
US District Court
District of AZ
Tucson Division

*/s/ Victoria Hahn*
_____